HEARD NOVEMBER TERM, 1877.

## GADSDEN *vs.* WHALEY.

In "cases of chancery" all the issues may be referred by the Circuit Judge to a jury, but their verdict does not conclude the case, the parties having a right to the opinion of the Circuit Judge both on the law and the facts. Their verdict is intended for the purpose of enlightening the conscience of the Judge, and no judgment can be entered thereon until he has given his opinion upon the facts.

### BEFORE REED, J., AT CHARLESTON.

This was an action by E. H. Gadsden and Rebecca, his wife, against William Whaley, as executor of Joseph Whaley, deceased.

The complaint alleged that the said Joseph Whaley, who was the grandfather of Mrs. Gadsden, held in his lifetime a sum of

money amounting to $25,577, of which he had by acts and declarations constituted himself the trustee of his said grand-daughter, and it demanded an account from the defendant as executor of the said Joseph Whaley and payment of the same to the plaintiff, Rebecca Gadsden.

The answer of the defendant put in issue the material facts of the case.

All the issues were referred to a jury, who found a general verdict for the plaintiff for                    dollars, and upon this verdict, without further proceedings, judgment was entered for the plaintiffs.

The defendant appealed upon the ground, amongst others, that " His Honor the presiding Judge submitted the whole case to the jury to find a general verdict upon the issue involved, notwithstanding a motion by defendant that the case was one essentially of equity jurisdiction and could be properly tried by the Court alone, the jury being competent to do no more than to find any particular fact or facts doubtful in the mind of the Judge, and which he required the aid of the jury to ascertain in order to enable him to form his judgment."

*Rutledge & Young,* for appellant.

*Porter & Connor,* contra.

January 23, 1878. *Per Curiam.* This case presents a preliminary question which it is necessary to decide before the merits of the case proper can be considered in this Court. That question is whether the Circuit Judge erred in failing to give his own opinion upon the issues of fact involved, and whether the judgment, which is based solely upon the verdict of the jury, to whom the issues were referred, can be allowed to stand.

It is very clear that the case was what is commonly called an equity case, or, to speak more correctly, a case in which the relief demanded was formerly only obtainable in a Court of equity, and therefore it falls among the class denominated in the Constitution as "cases of chancery." In that class of cases, as this Court has heretofore determined in the case of *Flinn & Hart* vs. *Brown,* (6 S. C., 209,) the parties have a right to the opinion of the Circuit Judge, notwithstanding his right to refer issues of fact in such cases to a jury for the purpose of enlightening his conscience; but " the verdict of the jury is not to be accepted as the conclusion which is

to govern and control the case, and through the medium of which the judgment is to be pronounced in favor of one side or the other. The judgment in such a case *must* be the result of the conclusions of the Judge both on the law and *the facts."* The judgment in this case being based solely upon the verdict of the jury, and not upon the decision of the Circuit Judge, must be set aside, and the case remanded for further proceedings in the Circuit Court.